UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYSHAWN COLE,

    Plaintiff,

v.

KANKAKEE HIGH SCHOOL, et al.,

    Defendants.

Case No. 1:21-cv-358

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Kankakee, Illinois, recently transmitted a document that has been filed as a new complaint against Kankakee High School and Federated Bank Corporation. The undersigned takes judicial notice that this is the third pro se lawsuit filed by Plaintiff within the past two years in this Court. *See* Case No. 1:19-cv-607 and Case No. 1:19-cv-663. For the following reasons, Plaintiff's complaint should be DISMISSED.

**I.    Background**

Plaintiff's two prior complaints were tendered together with applications to proceed *in forma pauperis*, but neither an application nor the requisite filing fee accompanied the instant complaint.[1] Ordinarily, when a complaint is received without the requisite filing fee or an *in forma pauperis* motion, the Clerk of Court will open a new case that reflects that a complaint has been filed, and the undersigned will issue a Deficiency Order directing the plaintiff to either pay the requisite filing fee or move for leave to proceed *in forma pauperis*.

Based upon Plaintiff's recent prior representations to this Court including two

---

[1] Based upon Plaintiff's transmission of multiple inappropriate emails to the Clerk of Court, he has been electronically blocked from further emailing the Clerk of Court.

1

applications to proceed *in forma pauperis* in his prior cases, the undersigned will forego issuing a Deficiency Order and assume that Plaintiff is again seeking to proceed *in forma pauperis*. Requiring Plaintiff in this case to submit a third *in forma pauperis* motion for his latest complaint or alternatively, to pay the requisite filing fee, would unnecessarily prolong dismissal of a complaint that is patently frivolous. Therefore, the undersigned will grant Plaintiff *in forma pauperis* status *sua sponte* and screen the complaint as if Plaintiff had filed the appropriate motion under 28 U.S.C. §1915(e)(2)(B), to determine whether the complaint should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. If any reviewing court were to determine that review should not have been undertaken in the absence of a formal motion being filed under §1915(e)(2)(B), the undersigned alternatively has screened the complaint under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Under that alternate authority, the undersigned reaches the same conclusion: that this case should be dismissed as frivolous because it is fantastic or delusional and/or fails to state any claim.

    II.    **Analysis**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); see also *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478

U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the section of the complaint form that asks Plaintiff to state his claim by writing "as briefly as possible the facts of your case" and as best the undersigned can decipher, Plaintiff has written the following alphanumeric characters and words:

> Columbus [crossed out words] bank
> Previrenirutir transfer
> trastinatureauphoms pau transfer
> [crossed out letters]
> A modememe – erasiaendisent
> Rephonical desetems or
> Repatchipatchiar rearchinsin
> 298 Memorial Dr Seneca, SC
> Isosamibctial, Annual Alinfed
> Spectation on WatsekaorSoures

(Doc. 1 at 3).

On the next page where the same form asks the pro se litigant to briefly state "exactly what you want the court to do for you," Plaintiff has written:

> Looking into imply random suits to near needed according to 4/19 or before Accordingly some stopping the extra attention I need from people 1K before anything gets to a starting date.

(Doc. 1 at 4).

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a

claim upon which relief may be granted. As with the two prior complaints that Plaintiff has filed in this Court, the factual allegations contained in his current complaint are illogical and frankly incomprehensible. Also consistent with his prior two complaints, the current complaint provides no factual content or context from which the Court may reasonably infer that either of the Defendants violated Plaintiff's rights under federal law. Nor does the complaint contain any allegations that any of the alleged claims arose in the Southern District of Ohio. In short, the complaint appears to be fantastic or delusional and clearly fails to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B) or alternatively, under *Apple v. Glenn*.

The repeated filing of frivolous lawsuits by vexatious litigators is a well-recognized problem in the federal courts because such filings require a significant expenditure of limited judicial resources. The Sixth Circuit recognizes the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Financial,* 229 F.3d 1154, 2000 WL 1176881 (6th Cir., August 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). Without doubt, a litigant who files a case without merit wastes the resources of the court and the named defendants. *See e.g.*, *Martin v. District of Columbia Court of Appeals,* 506 U.S. 1, 3, 113 S.Ct. 397 (1992) (noting that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staff to the detriment of parties having meritorious claims).

As stated, this is the third case filed by Plaintiff in this Court that has been found to

be subject to summary dismissal on initial screening. The undersigned recognizes that some litigants may be unable to comprehend that their claims are fantastic or delusional. Nevertheless, as a first step, the undersigned recommends issuing a clear warning to Plaintiff that if he continues to file complaints in this Court that are subject to summary dismissal under 28 U.S.C. §1915(e)(2)(B) or under *Apple v. Glenn*, he may be considered to be a vexatious litigator and subjected to sanctions and/or pre-filing restrictions.

### III.  Conclusion and Recommendation

For these reasons, **IT IS RECOMMENDED THAT:**

(1) This action should be **DISMISSED WITH PREJUDICE** for failure to state a claim for relief;

(2) Plaintiff should be formally warned that the summary dismissal of three cases filed in this Court to date may be considered to be a vexatious litigation practice. Should Plaintiff file additional cases that are subject to summary dismissal upon initial screening, the Court may subject Plaintiff to sanctions and/or pre-filing restrictions in order to deter future vexatious litigation;

(3) The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

       s/ Stephanie K. Bowman  
       Stephanie K. Bowman  
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| TYSHAWN COLE, | Case No. 1:21-cv-358 |
| Plaintiff, | |
| | McFarland, J. |
| v. | Bowman, M.J. |
| | |
| KANKAKEE HIGH SCHOOL, et al., | |
| Defendants | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).